**UNITED STATES of America,**
**Appellee,**

v.

**Wayne L. SINCLAIR, Defendant–**
**Appellant.**

**No. 03–1415.**

United States Court of Appeals,
Second Circuit.

Dec. 22, 2004.

Jeremiah Donovan, Old Saybrook, CT, Wayne L. Sinclair, Fort Dix, NJ, for Appellant, pro se.

Stephen B. Reynolds, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, District of Connecticut, and William J. Nardini, Assistant United States Attorney, on the brief), Bridgeport, CT, for Appellee.

PRESENT: WALKER, Chief Judge, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Wayne Sinclair appeals the June 27, 2003, judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge* ) convicting him, after a jury trial, of violating 8 U.S.C. § 1326 by being in the United States without the United States Attorney General's consent after having been deported. The district court sentenced Sinclair to 92 months' imprisonment followed by 3 years' supervised release and ordered him to pay a special assessment of $100.

Sinclair raises numerous claims on appeal, none of which has merit. First, he argues that the district court wrongly admitted a copy of a page from a logbook maintained by the Jamaican constabulary that purported to record Sinclair's return to Jamaica after his deportation from the United States. Sinclair claims that the logbook's admission violated both the relevant evidentiary rules and the Confrontation Clause. The district court admitted the logbook pursuant to 18 U.S.C. § 3505, which exempts from the hearsay rule "foreign record[s] of regularly conducted activity" and provides for such records to be authenticated by means of a written decla-

ration executed by the records' custodian and meeting statutory standards.

■ Sinclair raised in the district court his claim that the logbook was not properly authenticated. We review properly preserved evidentiary challenges, such as this claim of Sinclair's, for abuse of discretion. *United States v. Yousef*, 327 F.3d 56, 156 (2d Cir.2003). It is unclear whether the district court properly applied 18 U.S.C. § 3505, which addresses the admissibility of foreign business records, to the Jamaican logbook. The logbook was maintained by the Jamaican government, and therefore arguably was the type of "public record" that is outside the scope of § 3505. *See United States v. Pluta*, 176 F.3d 43, 49 (2d Cir.1999) (holding that "[p]assports *qua* passports are more properly characterized as public records than business records" and were therefore not covered by § 3505 because "that section deals with business records"). We need not decide this question, however, because any error in admitting the logbook was harmless in light of other overwhelming evidence that demonstrated that Sinclair was deported to Jamaica on December 9, 1997.

Because we find that any error in admitting the logbook was harmless, we also reject Sinclair's claims that its admission violated the rule against hearsay and the Confrontation Clause. Sinclair raised neither of these challenges at trial, and we therefore review them only for plain error. We will not correct even a plain error unless it "affects substantial rights" of the defendant-appellant. *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks omitted). Harmless error does not affect substantial rights.

We reject Sinclair's frivolous challenge to the sufficiency of the evidence. As noted above, the government presented overwhelming independent evidence that Sinclair was deported to Jamaica on December 9, 1997. Sinclair comes nowhere near raising a colorable sufficiency challenge.

Sinclair argues that the district court wrongly excluded copies of his financial records from 1997 to 2003. Although the excluded documents may have been marginally relevant, the district court's exclusion of them was not manifestly erroneous.

■ Sinclair argues that the district court wrongly excluded a letter from a Jamaican detective that stated that the Wayne Sinclair who was deported to Jamaica on December 9, 1997, was living in Jamaica and working as a computer consultant as of 2003. The district court did not abuse its discretion in determining that the letter fit within no hearsay exception and Sinclair does not challenge that determination on appeal. Sinclair presses a new claim on appeal, which we review for plain error: that the letter should have been admitted as nonhearsay, to impeach the accuracy of Jamaican government records about returning deportees. The district court did not plainly err in refusing to admit the letter on this basis.

Sinclair's final evidentiary challenge is coupled with a challenge to a jury instruction. The district court admitted testimony that Sinclair tried to flee from state court when he learned that he might be held by the INS; the district court also instructed the jury as to what use it could make of evidence of Sinclair's attempted flight. Because Sinclair did not object at trial to the testimony about his attempted flight, we review his evidentiary challenge for plain error and find none.

■ It is unclear whether Sinclair objected to the jury instruction on flight, but even if we give Sinclair the benefit of the doubt and treat this claim as properly preserved, he does not prevail. The dis-

trict court's instruction, which specifically cautioned that "[f]light does not create a presumption of guilt," reflected the correct legal standard. *See United States v. Amuso,* 21 F.3d 1251, 1259–60 (2d Cir. 1994).

■ Sinclair renews on appeal his collateral attack on the order that led to his deportation on December 9, 1997. Sinclair unsuccessfully raised this challenge below in a motion to dismiss the indictment. To succeed in such a collateral attack Sinclair must satisfy all three requirements of 8 U.S.C. § 1326(d), which provides that:

an alien [i.e., a defendant making a collateral attack] may not challenge the validity of [a] deportation order ... unless the alien demonstrates that—(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

Because Sinclair was not "improperly deprived ... of the opportunity for judicial review" in the challenged deportation proceedings, his collateral attack necessarily fails and we need not consider the other two elements of the statute. As Sinclair concedes, he "appealed the deportation ruling twice to the BIA and twice to the Second Circuit." Br. for Def.-Appellant at 34. We are not persuaded by Sinclair's claim that he was effectively deprived of judicial review because the Second Circuit dismissed his initial appeal as untimely and this untimeliness was caused by ineffective assistance of counsel.

Sinclair challenges the district court's reliance on information from the Federal Bureau of Prisons and the United States Probation Office in determining that the entry of the deportation order was not fundamentally unfair. Because we uphold the district court's denial of Sinclair's motion to dismiss on the grounds that he was not improperly deprived of the opportunity for judicial review, we need not, and do not, consider whether the district court properly relied on the challenged information in assessing the deportation order's fairness.

Finally, Sinclair raises two challenges based on *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). First, he argues for the first time on appeal that his indictment was defective because it did not allege, as a separate element, that Sinclair had been convicted of an aggravated felony prior to his indictment for violating 8 U.S.C. § 1326. As Sinclair concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We need not decide whether *Blakely* casts any doubt on this aspect of *Almendarez–Torres* because Sinclair concedes that he was fully notified of his sentencing exposure, Pro Se Supp. Br. of Def.-Appellant at 2, and therefore any error based on the district court's failure to amend the indictment did not "seriously affect[ ] the fairness, integrity, or public reputation," *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544 (internal quotation marks omitted), of Sinclair's trial and is therefore not the type of plain error that this court will remedy, *see id.*

Sinclair also argues that his sentence is invalid under *Blakely* because it was enhanced on the basis of facts not found by the jury. Until the Supreme Court instructs otherwise (as it will have the opportunity to do when it decides *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (*cert. granted* Aug. 2, 2004)), we assume

that *Blakely* does not affect the Guidelines and, accordingly, that all sentences imposed in accordance with the Guidelines are valid. *See United States v. Mincey*, 380 F.3d 102, 106 (2d Cir.2004). Because Sinclair argues only that his sentence is invalid under *Blakely*, and does not argue that his sentence violates the Sentencing Guidelines, we reject his sentencing challenges.

Notwithstanding the foregoing, the mandate in this case will be held pending the Supreme Court's decision in *Booker* and *Fanfan*. Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

We have considered carefully all of Sinclair's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.